■ DAGMAR DIPPELL, Appellant, v JUAN U. ORTIZ, as Director of the Department of Personnel of the City of New York, Respondent. — Order and judgment (one paper), Supreme Court, New York County (Asch, J.), entered on September 21, 1981, affirmed, without costs and without disbursements. Concur — Sandler, J. P., Ross and Lupiano, JJ.

Silverman and Lynch, JJ., dissent in a memorandum by Lynch J., as follows: Subdivision 2 of section 65 of the Civil Service Law provides that where a provisional appointment has been held for one month the civil service authority shall conduct an examination for the position, "as soon as practicable thereafter, in order to prevent the provisional appointment from continuing for a period in excess of nine months". Petitioner is a city employed attorney seeking advancement to Associate Attorney. The lists for Associate Attorney have long been exhausted and as far back as 1978 respondent's predecessor in office called for a new examination. It has yet to be held. In the meantime petitioner's department has a number of provisional Associate Attorneys who have enjoyed their positions far longer than the statute contemplates. The Associate Attorney examination has now been "tentatively" scheduled for

April, 1982. In view of this and the backlog of required civil service examinations pending in the city, Special Term has found the failure of respondent to hold the Associate Attorney examination forthwith to be neither arbitrary nor capricious. Given the protracted disregard for the intent of the statute, we find that, despite the backlog, petitioner is entitled to more than a tentative scheduling and would modify the judgment and order to direct that the examination be held in April.